HEARD APRIL TERM, 1876.

EDWARDS, ADMINISTRATOR, *vs.* CREDITORS OF KING.

When an administrator knows of the debt against his intestate, notice under the Act of 1789, Section 27, need not be given.

BEFORE TOWNSEND, J., AT DARLINGTON, OCTOBER TERM, 1874.

This was an action by B. W. Edwards, administrator *de bonis non* of Leviniah King, deceased, against the creditors and heirs at law of Leviniah King, to marshal her assets, and for a sale of the real property to pay debts.

The case may be briefly stated as follows:

On the 27th October, 1860, B. Clements recovered judgment against Leviniah King, in the Court of Common Pleas for Darlington County, in the sum of $1,315.40. Leviniah King afterwards died leaving a last will and testament. B. Edwards was at that time Commissioner in Equity for Darlington County, and in October, 1862, by virtue of his office as Commissioner in Equity, he took out letters of administration upon the estate of the said Leviniah King and gave notice to creditors to prove their demands.

In January, 1870, Edwards, who, at that time, had ceased to be Commissioner in Equity, took out letters of administration "*de bonis non*" on the estate of the said Leviniah King and filed this bill, stating that there were no personal assets, and asking for a sale of the real estate. Creditors were called on to prove their demands, and in April, 1870, Clements proved his judgment before the Referee. An order for the sale of the real estate was obtained under this bill. It was sold and the proceeds applied to the payment in part of Clements's judgment, leaving a balance due thereon of $281.25. It further appeared that Edwards had received some personal assets of the estate of Leviniah King and turned the same over to her legatee before he filed this bill.

It also appeared that Leviniah King had appealed from the judgment of Clements; that Edwards knew of the judgment and of the appeal, and that the appeal was pending until about December, 1871, when Edwards abandoned it.

Formal notice of the claim under the judgment was not given to Edwards.

The question in the case was whether such formal notice was necessary in order to charge Edwards with the assets he had received and turned over to the legatee. The Referee to whom the case had been referred held that he was liable, because he knew of Clements's judgment before he turned over the assets.

Exceptions were taken on that ground by Edwards to the report, but the exceptions were overruled by His Honor the Circuit Judge and the report confirmed.

Edwards appealed.

*Spain*, for appellant.

*McIver & Boyd*, contra.

July 1, 1876. The opinion of the Court was delivered by

WRIGHT, A. J. The report of the Referee and the opinion of the Court so commend the conclusions which they announce on the points made in the case that little need be added.

The principal question really involved may be thus stated : Is a party who would be affected and fixed by implied or constructive notice relieved of a required duty imposed by law, because he has actual and positive knowledge of the act from which the obligation arises?

It would appear that the mere statement of the proposition carries with it an answer that no argument can refute. The judgment was recovered against the testatrix in 1860 ; it was suspended by an appeal, of which due notice had been given. Edwards administered in 1862, and, according to the finding of the Referee, had knowledge both of the judgment and the appeal, and, in fact, was the appellant in the very case in which, in her lifetime, Clements had recovered the judgment.

He himself abandoned it, shortly before the sale of the real estate, which was ordered by the Court on a proceeding on his part to subject it to the claims of creditors which had not been reached

by the personal assets. Can it lie in his mouth to say all this is true, but the Act of 1789 requires that the creditor should have given me notice of his debt, and, although he could not have given it to me in a more full and explicit manner than I before had it, and although the whole purpose of the statute has been accomplished, yet my satisfying the legatee before I paid the creditor should work no prejudice because a knowledge which I acquired in the due administration of my office was not afterwards repeated to me by the creditor. If so specious an argument as this can relax the rules by which a Court of equity is guided in administering the rights of creditors and regulating the duties of trustees and other fiduciaries, they rest on weaker and more fallacious principles than the proud boast of their origin has ever accorded to them. The design of this Section of the Act was to bring to the notice of the creditor not only the amount of the demand but its character, so that in the application of the assets a due regard should be had to the priorities established by a succeeding provision in it. If he has it in any form the fact of knowledge is proved, and if he violates the requirements of the statute it is his own wrongful act, and the Court is without means of affording him relief.

The motion is dismissed.

*Moses*, C. J., and *Willard*, A. J., concurred.